1   SEYFARTH SHAW LLP
    KENNETH L. WILTON (SBN 126557)
2   E-mail: kwilton@seyfarth.com
    DANIEL M. HARGIS (SBN 224226)
3   E-mail: dhargis@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California  90067-3021
    Telephone:  (310) 277-7200
5   Facsimile:   (310) 201-5219

6   Attorneys for Defendants
    VISION SOLUTIONS, INC. and
7   WILLIAM HAMMOND

8

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                    WESTERN DIVISION

12   MAXIMUM AVAILABILITY              Case No. CV 10-1488 GW (RZx)
     LIMITED, a New Zealand limited
13   liability company,                **ANSWER OF DEFENDANT
                                        VISION SOLUTIONS, INC. TO
14             Plaintiff,              COMPLAINT**

15        v.

16   VISION SOLUTIONS, INC., a
     Delaware corporation; WILLIAM
17   HAMMOND, an Individual,

18             Defendants.

19

20        Defendant Vision Solutions, Inc. ("Vision"), for itself and no other party,

21   answers the Complaint of plaintiff Maximum Availability Limited ("Maximum")

22   as follows:

23        1.    Answering paragraph 1 of the Complaint, Vision admits that

24   Maximum is asserting claims against Vision and seeking relief from Vision, and

25   denies the remaining averments contained therein.

26        2.    Answering paragraph 2 of the Complaint, Vision admits that it

27   competes with Maximum in a segment of the market for high availability and

28   disaster recovery software for IBM mid-range servers ("HA/DR Software"), that

among other products Vision licenses HA/DR Software, and denies the remaining averments contained therein.

3.    Answering paragraph 3 of the Complaint, Vision admits that Maximum licenses HA/DR Software, and that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments contained therein, and on that basis denies them.

4.    Answering paragraph 4 of the Complaint, Vision admits the averments contained therein.

5.    Answering paragraph 5 of the Complaint, Vision admits that William Hammond is an individual residing in Illinois who is employed by Vision as a Director, Product Marketing, that his last name and first initial appear in the metadata for the pdf versions of two of the documents attached as exhibits to the Complaint, and denies the remaining averments contained therein.

6.    Answering paragraph 6 of the Complaint, Vision admits the averments contained therein.

7.    Answering paragraph 7 of the Complaint, Vision admits that it is subject to personal jurisdiction in California, and denies the remaining averments contained therein.

8.    Answering paragraph 8 of the Complaint, Vision admits the averments contained therein.

9.    Answering paragraph 9 of the Complaint, Vision admits that there is competition in the market for HA/DR Software, and denies the remaining averments contained therein.

10.    Answering paragraph 10 of the Complaint, Vision admits that Maximum licenses HA/DR Software and that the market for HA/DR Software is growing, and that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments contained therein, and on that basis denies them.

1    11.    Answering paragraph 11 of the Complaint, Vision admits that it is the

2  oldest and largest licensor of HA/DR Software, and denies the remaining

3  averments contained therein.

4    12.    Answering paragraph 12 of the Complaint, Vision admits that the

5  document attached as Exhibit A to the Complaint includes contact information for

6  Mr. Hammond, and that Mr. Hammond's last name and first initial appear in the

7  metadata for the pdf version of the document, and denies the remaining averments

8  contained therein.

9    13.    Answering paragraph 13 of the Complaint, Vision admits that

10  Mr. Hammond's last name and first initial appear in the metadata for the pdf

11  version of the document attached as Exhibit B to the Complaint, admits that it

12  responded to Maximum's demands regarding the document, and denies the

13  remaining averments contained therein.

14    14.    Answering paragraph 14 of the Complaint, Vision denies the

15  averments contained therein.

16    15.    Answering paragraph 15 of the Complaint, Vision denies the

17  averments contained therein.

18    16.    Answering paragraph 16 of the Complaint, Vision denies that it has

19  falsely described support services offered by Maximum, and that it lacks

20  knowledge or information sufficient to form a belief as to the truth of the

21  remaining averments contained therein, and on that basis denies them.

22    17.    Answering paragraph 17 of the Complaint, Vision denies the

23  averments contained therein.

24    18.    Answering paragraph 18 of the Complaint, Vision denies the

25  averments contained therein.

26    19.    Answering paragraph 19 of the Complaint, Vision denies that the

27  document attached as Exhibit C to the Complaint contains any false or misleading

28  information and denies that it used the document to "entice MAXIMUM's resellers

1  to switch their supplier," and that it lacks knowledge or information sufficient to

2  form a belief as to the truth of the remaining averments contained therein, and on

3  that basis denies them.

4       20.    Answering paragraph 20 of the Complaint, Vision denies the

5  averments contained therein.

6       21.    Answering paragraph 21 of the Complaint, Vision denies the

7  averments contained therein.

8       22.    Answering paragraph 22 of the Complaint, Vision admits that it

9  created and distributed the document attached as Exhibit D to the Complaint, and

10  denies the remaining averments contained therein.

11       23.    Answering paragraph 23 of the Complaint, Vision denies the

12  averments contained therein.

13       24.    Answering paragraph 24 of the Complaint, Vision admits that it

14  created and distributed the document attached as Exhibit D to the Complaint and

15  refers to it for its contents, and denies the remaining averments contained therein.

16       25.    Answering paragraph 25 of the Complaint, Vision lacks knowledge or

17  information sufficient to form a belief as to the truth of the averments contained

18  therein, and on that basis denies them.

19       26.    Answering paragraph 26 of the Complaint, Vision admits that it

20  created and distributed the document attached as Exhibit D to the Complaint and

21  refers to it for its contents, and denies the remaining averments contained therein.

22       27.    Answering paragraph 27 of the Complaint, Vision admits distributing

23  the documents attached as Exhibits A, B and D to the Complaint, and denies the

24  remaining averments contained therein.

25       28.    Answering paragraph 28 of the Complaint, Vision admits the

26  averments contained therein.

27       29.    Answering paragraph 29 of the Complaint, Vision denies the

28  averments contained therein.

30.     Answering paragraph 30 of the Complaint, Vision admits that Maximum is requesting certain relief, denies that Maximum is entitled to any such relief, and denies the remaining averments contained therein.

### ANSWERING THE FIRST CLAIM FOR RELIEF

31.     Answering Paragraph 31 of the Complaint, Vision repeats and incorporates by reference as if fully set forth its foregoing responses to the averments in paragraphs 1-30 of the Complaint.

32.     Answering paragraph 32 of the Complaint, Vision denies the averments contained therein.

33.     Answering paragraph 33 of the Complaint, Vision denies the averments contained therein.

34.     Answering paragraph 34 of the Complaint, Vision denies the averments contained therein.

35.     Answering paragraph 35 of the Complaint, Vision denies the averments contained therein.

36.     Answering paragraph 36 of the Complaint, Vision admits that it licenses HA/DR Software in interstate commerce, that the documents attached as Exhibits A, B and D to the Complaint have been sent through interstate commerce, and denies the remaining averments contained therein.

37.     Answering paragraph 37 of the Complaint, Vision denies the averments contained therein.

38.     Answering paragraph 38 of the Complaint, Vision denies the averments contained therein.

39.     Answering paragraph 39 of the Complaint, Vision denies the averments contained therein.

40.     Answering paragraph 40 of the Complaint, Vision denies the averments contained therein.

1      41.    Answering paragraph 41 of the Complaint, Vision denies the

2 averments contained therein.

3      42.    Answering paragraph 42 of the Complaint, Vision denies the

4 averments contained therein.

5      43.    Answering paragraph 43 of the Complaint, Vision denies the

6 averments contained therein.

7              **ANSWERING THE SECOND CLAIM FOR RELIEF**

8      44.    Answering Paragraph 44 of the Complaint, Vision repeats and

9 incorporates by reference as if fully set forth its foregoing responses to the

10 averments in paragraphs 1-43 of the Complaint.

11      45.    Answering paragraph 45 of the Complaint, Vision denies the

12 averments contained therein.

13      46.    Answering paragraph 46 of the Complaint, Vision denies the

14 averments contained therein.

15      47.    Answering paragraph 47 of the Complaint, Vision denies the

16 averments contained therein.

17      48.    Answering paragraph 48 of the Complaint, Vision denies the

18 averments contained therein.

19      49.    Answering paragraph 49 of the Complaint, Vision denies the

20 averments contained therein.

21              **ANSWERING THE THIRD CLAIM FOR RELIEF**

22      50.    Answering Paragraph 50 of the Complaint, Vision repeats and

23 incorporates by reference as if fully set forth its foregoing responses to the

24 averments in paragraphs 1-49 of the Complaint.

25      51.    Answering paragraph 51 of the Complaint, Vision denies the

26 averments contained therein.

27      52.    Answering paragraph 52 of the Complaint, Vision denies the

28 averments contained therein.

53.     Answering paragraph 53 of the Complaint, Vision denies the averments contained therein.

54.     Answering paragraph 54 of the Complaint, Vision denies the averments contained therein.

55.     Answering paragraph 55 of the Complaint, Vision denies the averments contained therein.

56.     Answering paragraph 56 of the Complaint, Vision denies the averments contained therein.

57.     Answering paragraph 57 of the Complaint, Vision denies the averments contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claims Upon Which Relief Can Be Granted)

1.     Maximum's Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations – Lanham Act)

2.     Maximum's claim for false advertising under the Lanham Act is barred in whole or in part by the three-year statute of limitation set forth in Cal. Civ. Proc. Code § 338(d).  *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002).

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.     Maximum's claims are barred in whole or in part by laches arising from Maximum's unreasonable delay in asserting the claims herein and resulting prejudice to Vision from that delay.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

4.      Maximum is equitably estopped from asserting its claims by virtue of its failure timely to object to Vision's use of the materials at issue in the manner in which they were used and Vision's detrimental reliance on Maximum's failure to object.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      Maximum's claims are barred in whole or in part because it comes into this Court with unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Vision prays for relief as follows:

1.      That Maximum take nothing by its Complaint and that its Complaint be dismissed with prejudice;

2.      That the Court declare that this case is "exceptional" within the meaning of Section 35(a) of the United States Trademark Act (15 U.S.C. § 1117(a)), and award Vision its attorneys' fees and costs; and

3.      That the Court grant to Vision such other and further relief as the Court may deem just and proper.

SEYFARTH SHAW LLP

Dated: March 9, 2010            By: _____/s/ *Kenneth L. Wilton*_____
                                         Kenneth L. Wilton
                                      Attorneys for Defendants
                                   VISION SOLUTIONS, INC. and
                                       WILLIAM HAMMOND

8