MBV LAW LLP
MICAH R. JACOBS (SBN 174630)
E-mail: mjacobs@mbvlaw.com
855 Front Street
San Francisco, California 94111
Telephone: (415) 781-4400
Facsimile: (415) 989-5143

Attorneys for Plaintiff
MAXIMUM AVAILABILITY LIMITED

SEYFARTH SHAW LLP
KENNETH L. WILTON (SBN 126557)
E-mail: kwilton@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
VISION SOLUTIONS, INC.,
WILLIAM HAMMOND, EVA SUCCI
and CHRIS THOMAS

MURCHISON & CUMMING LLP
FRIEDRICH W. SEITZ (SBN 51536)
E-Mail: fseitz@murchisonlaw.com
GINA E OCH (SBN 170520)
E-Mail: goch@murchisonlaw.com
ANASTASIA K. MAZZELLA (SBN 245201)
E-Mail: amazzella@murchisonlaw.com
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4624
Telephone: (213) 623-7400
Facsimile: (213) 623-6336

COX SMITH MATTHEWS INCORPORATED
BRETT W. SCHOUEST (Admitted *Pro Hac Vice*)
E-Mail: bwschouest@coxsmith.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5269
Facsimile: (210) 226-8395

Attorneys for Defendant
SIRIUS COMPUTER SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAXIMUM AVAILABILITY LIMITED, a New Zealand limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>VISION SOLUTIONS, INC., a Delaware corporation; WILLIAM HAMMOND, an Individual, SIRIUS COMPUTER SOLUTIONS, INC., a Texas corporation, EVA SUCCI, an Individual, CHRIS THOMAS, an Individual,<br><br>　　　　　Defendants. | Case No. CV 10-1488 GW (RZx)<br><br>**JOINT RULE 26 REPORT**<br><br>Date:　September 20, 2010<br>Time:　8:30 a.m.<br>Place:　Courtroom 10<br>Judge:　Hon. George Wu |

　　　In anticipation of the September 20, 2010 status conference, the Court asked the parties to submit an updated Joint Report. On September 14-16, 2010, counsel for all parties participated via e-mail in the conference of parties required by Rule 26(f) of the Federal Rules of Civil Procedure.[1] The parties discussed the topics set

---

[1] Although the Court has not yet decided the pending motions to dismiss filed by William Hammond, Chris Thomas, Eva Succi and Sirius Computer Solutions, counsel for those parties participated in the preparation of this report. That

2

forth in Rule 26(f) and Local Rule 26-1 specifically with regard to the current status of the case and the previously set trial and discovery cut-off dates. The parties hereby submit the following Joint Report.

## I. CURRENT STATUS AND SCHEDULE

At the initial Rule 26(f) conference on June 28, 2010, Court set the following schedule and trial date:

    a.    Discovery (non-expert) cut-off: November 22, 2010

    b.    Expert Discovery cut-off: December 20, 2010

    c.    Motions (last date to hear): January 20, 2011

    d.    Final Pretrial Conference: February 17, 2011

    e.    Trial date: March 1, 2011

At Vision's request, the Court also ordered the parties to participate in a mediation before a Magistrate Judge. The parties participated in the Court-ordered mediation on August 26, 2010. The mediation was unsuccessful.

On or about July 7, 2010, Plaintiff filed a First Amended Complaint that added Sirius Computer Systems, Eva Succi and Christopher Thomas, both employees of defendant Vision Solutions, as additional defendants. They have each filed motions to dismiss the claims asserted against them, which are currently set for hearing on September 20, 2010.

Plaintiff has also notified defendants that Plaintiff intends to seek leave to file a Second Amended Complaint to add new claims against Vision. In particular, Plaintiff has just recently discovered that Vision, which controls approximately 90% of the market for high availability disaster recovery software, has engaged in acts of unfair competition to stifle competition and preserve its market dominate position in violation of the Sherman Act and related anti-trust laws and regulations. Plaintiff has also offered to address any deficiencies the Court may find in ruling

---

participation is not intended and should not be construed as a waiver of those parties' respective positions as set forth in their motions to dismiss.

on the pending motions to dismiss the First Amended Complaint in its proposed Second Amended Complaint.

Defendants note that Plaintiff has yet to provide a draft of its proposed Second Amended Complaint and doubt that Plaintiff will be able to meet the strict pleading requirements to assert claims under the Sherman Act because there are no facts to support such a claim. Defendants reserve the right to assert their specific objections to any proposed Second Amended Complaint if Plaintiff seeks leave to file same.

Vision and Maximum Availability have exchanged written discovery demands and are currently meeting and conferring over their respective responses. To date, neither Plaintiff nor Vision has produced documents because no protective order has been entered in the case. The parties are still trying to resolve their differences over the scope of the proposed protective order.

Plaintiff has served deposition notices upon Vision and Sirius and intends to proceed with those depositions during the month of October, along with the depositions of other fact witnesses and parties. Sirius objects to the notice of deposition on the grounds that (1) it is premature given the pending motion to dismiss, (2) the location is unreasonable given that Sirius's principal place of business is Texas and its persons most knowledgeable reside and are employed in Texas, and (3) many of the matters and documents identified in the notice are not reasonably calculated to lead to the discovery of admissible evidence. Sirius will move for a protective order if it cannot resolve these issues informally; thus Sirius contends there is a strong chance the Sirius deposition(s) will not go forward in October. Vision objects to the notice directed to it on similar grounds as Sirius, and does not believe that it is reasonable to expect that the deposition(s) will go forward as currently scheduled.

Plaintiff believes the current trial date should not be changed. Although Plaintiff is concerned about its ability to complete all of the necessary discovery

1 prior to the November 22, 2010 discovery cut off date, it believes it can do so
2 and/or that the Court can extend the discovery cut-off date without changing the
3 trial date. Plaintiff's concern about being able to complete the discovery is based
4 solely on Vision's delay in producing responsive documents. But for that delay,
5 Plaintiff believes the parties should be able to complete their trial preparations
6 within the current schedule.
7     Defendants believe that, given that Plaintiff has not yet produced documents,
8 that Plaintiff has an ever-expanding view of the scope of this litigation, and the fact
9 that the matter is not yet at issue, it is impossible for discovery to be completed
10 under the current schedule.
11 **II.**     **FEDERAL RULE OF CIVIL PROCEDURE 26(f)**
12     **A.**     **Rule 26(f)(3)(A)**
13     The parties do not presently believe that any changes need to be made in the
14 timing, form or requirements for disclosure under Rule 26(a), and expect to be able
15 to resolve cooperatively any scheduling issues that may arise.
16     Maximum and Vision have exchanged their initial disclosures. The other
17 defendants have motions to dismiss set for hearing on September 20, 2010. These
18 defendants propose that they file their respective disclosures two weeks after filing
19 their answers. Until then, this case is not at issue with respect to these defendants.
20 Plaintiff proposes that Sirius be ordered to serve its disclosures within two weeks
21 its motion being denied. Sirius objects to this timetable on the ground that it
22 should be allowed to file an answer before providing disclosures; thus, Sirius
23 proposes that it provide disclosures within two weeks of filing its answer.
24     **B.**     **Rule 26(f)(3)(B)**
25     The parties presently believe that discovery will be needed as to all of the
26 elements of the Plaintiff's claims and remedies as set forth in the First Amended
27 Complaint, the affirmative defenses Vision will assert in its Answer to the First
28 Amended Complaint, and the affirmative defenses raised by the other parties in the

event they are required to answer the First Amended Complaint. Plaintiff will also conduct discovery on the claims it intends to assert in a Second Amended Complaint, to be filed with leave of Court.

Maximum currently intends to take discovery regarding, *inter alia*, 1) the circumstances surrounding the authorship of the allegedly false marketing documents at issue in this litigation, including how they were created/authored, the intent underlying the creation of the documents and the factual support or due diligence of the author(s) regarding the representations made in the allegedly false advertising documents, 2) the scope of Vision's dissemination of those allegedly false marketing documents and/or the allegedly false representations contained therein, 3) the effect the allegedly false documents and the representations contained therein had on resellers, customers and potential customers of Maximum's and Vision's products, 4) other conduct by Defendants that Plaintiff alleges constitutes unfair competition and 5) damages. With regard to item 4, Plaintiff's proposed Second Amended Complaint will assert that Vision has engaged in monopolistic anti-competitive behavior, including by using threats, improper tying of products and other unlawful acts to stifle competition and preserve its market dominant position.

Vision objects to number four, above, on the ground and to the extent the referenced conduct is not alleged in Maximum's Complaint or Maximum's First Amended Complaint. Sirius joins in Vision's objection.

Vision currently intends to take discovery regarding, *inter alia*, 1) the truth or falsity of the allegedly false advertising representations at issue, 2) the truth or falsity of representations made by Maximum in the marketplace, 3) representations made by Maximum to the customers to whom Vision made the representations at issue, and 4) damages claimed by Maximum. Maximum objects to numbers two and three, above, on the basis that such discovery is overly broad, vague and ambiguous and unduly burdensome, in that Vision has not identified any specific

representations by Maximum that are part of or included within its claimed "unclean hands" affirmative defense.

If Sirius remains in the case, it currently intends to take discovery regarding, *inter alia*, 1) the truth or falsity of the allegedly false advertising representations at issue, 2) damages claimed by Maximum. Sirius reserves the right to supplement these areas once it has filed an answer to the First Amended Complaint setting forth the relevant affirmative defenses.

Notwithstanding the foregoing, the parties expressly reserve all of their objections to discovery, including without limitation objections based on relevance, undue burden, and privilege.

Plaintiff believes that Vision should be ordered to produce its responsive documents before Plaintiff produces its responsive documents, and requests an order providing for the proper sequencing of discovery for the following reasons. In this case, Plaintiff claims that Vision wrote and distributed comparative marketing materials that included numerous false representations about Plaintiff and its products and services. Plaintiff believes that many of the allegedly false statements were made up out whole cloth and that Vision conducted no due diligence and had no factual or evidentiary material to support such false representations. Plaintiff has sought discovery from Vision regarding the preparation of the false materials including any and all documents Vision has in its possession that it believes supported such representations. At the same time, Vision is seeking all documents from Plaintiff that have anything to do with Plaintiff's business, including all technical materials regarding Plaintiff's software, all of its communications with every customer or potential customer and all of its communications and confidential information about every reseller, among other things. Plaintiff believes it would be inappropriate to permit a defendant in a false advertising case to deliberately circulate false statements in the marketplace without any support simply to gain access to the competitor's confidential

7

information in the event the party targeted by the false advertising files a lawsuit, where the injured party has the burden to prove the statements were false. Thus, Vision, after making false statements without any investigation or support, now seeks to conduct a fishing expedition through Plaintiff's entire business under the guise of trying now to prove its prior statements were true or checking the veracity of Plaintiff's evidence that the statements were not true, when Vision otherwise had no support for those statements in the first place. Vision now seeks to compel Plaintiff, the injured party to reveal all of its most confidential and proprietary information about its products, customers, resellers and finances before it provides any support for having made the false statements in the first place. Much the same way that a plaintiff in a trade secrets case must identify its trade secrets with particularity before forcing a competitor to respond to burdensome discovery under California law, Plaintiff believes that Vision should first be ordered to produce all documents that it relied upon in preparing and distributing the comparative marketing materials before Plaintiff must produce its sensitive and confidential materials regarding the truth of its operations, product quality and performance. . *Roberts v. Americable Intern. Inc.*, 883 F.Supp. 499 505 (E.D. Cal. 1995) (court has authority to sequence discovery through use of Rule 26(c)).

      Vision believes that the foregoing discussion regarding the sequencing of discovery misstates the requirements and purpose underlying Fed. R. Civ. P. 26(d)(2), and in any event presents an issue more properly decided by the Magistrate Judge.

      Defendants do not presently believe that discovery should be conducted in phases or be limited to or focused upon particular issues, except that expert discovery will follow the close of fact discovery.

      Based on the assumption that Vision will be ordered to produce responsive documents in a timely fashion, Plaintiff does not currently believe that the discovery cut off or trial dates should be changed or altered in any manner.

8

The defendants propose May 23, 2011 as the fact discovery cut-off date, and June 20, 2011 as the expert discovery cut-off date.

### C. Rule 26(f)(3)(C)

The parties expect to conduct electronic discovery and will request production of electronically stored information, ("ESI"), and expect that such electronic information would be produced in hard copy form and electronically in its native format, as appropriate.

Plaintiff requests that the parties immediately meet and confer to make arrangements for the production by Vision of all responsive electronic files, including the scope of, costs and form of production or exchange of ESI. Vision believes that, pursuant to the Court's Procedures, matters regarding discovery should be heard before the Magistrate Judge.

### D. Rule 26(f)(3)(D)

The parties are not presently aware of any material issues relating to claims of privilege or of protection as trial-preparation materials. The parties nonetheless recognize that if there exists a significant amount of ESI that may be relevant in this case then that increases the possibility that materials may have to be withheld on the basis of such privilege and/or inadvertent production of materials to which a party may make a claim of privilege or of protection from discovery as trial preparation material. The parties agree that inadvertent production of such documents or ESI shall not operate as a waiver of that privilege or protection and shall not operate as any subject matter waiver of that privilege or protection.

The parties agree that, to the extent they withhold documents that otherwise are responsive to any particular category of request, then they will produce a privilege log along with their production that identifies the documents or information being withheld.

9

    **E.**     <u>Rule 26(f)(3)(E)</u>

The parties do not believe that any changes should be made to the limitations on discovery imposed by the Federal Rules or Local Rules, and expect to be able to resolve cooperatively any issues that may arise with respect to such limitations.

    **F.**     <u>Rule 26(f)(3)(F)</u>

The parties believe that a protective order is necessary and appropriate in this action in that discovery is likely to require the disclosure of confidential business, financial or trade secret information from Maximum, Vision, and Sirius. The parties are currently meeting and conferring to agree upon a proposed stipulated protective order under Fed. R. Civ. P. 26(c).

The parties appear unable to resolve their differences regarding the scope of the protective order and expect to file a motion shortly. Vision insists upon an Attorneys' Eyes Only category whereby documents can be restricted to outside litigation counsel's eyes only. Plaintiff objects to that category because it is critical for the client to be participate in analyzing and presenting its case. Plaintiff has also requested more clarity in the protective order as to documents will be marked Attorneys Eyes Only. Any stipulated protective order will apply equally to Maximum, Vision, and Sirius.

**III.**     <u>**LOCAL CIVIL RULE 26-1**</u>

    **A.**     <u>Local Rule 26-1(a)</u>

The parties do not believe this is a "complex case" for purposes of applying all or any part of the procedures of the Manual for Complex Litigation.

    **B.**     <u>Local Rule 26-1(b)</u>

Both sides anticipate that they may make motions for summary judgment or partial summary judgment.

Plaintiff does not believe the current schedule needs to be revised or altered and specifically proposes that the trial date remain fixed for March 1, 2010.

1  The defendants propose that all motions, except motions *in limine*, shall be
2  heard no later than July 21, 2011.

### C. Local Rule 26-1(c)

The parties are unable at this stage in the litigation to offer an opinion about the likelihood of settlement. Maximum, Vision and Sirius met for a mediation with Magistrate Judge Wistrich on August 26, 2010, and the case did not settle. Defendants believe that a further mediation may be productive after some discovery has been conducted. Plaintiff does not share that belief. Plaintiff spent significant time and money preparing for and attending the prior mediation in good faith, and Plaintiff CEO Allan Campbell traveled from New Zealand to Los Angeles to participate in that mediation at the request of Vision. Vision had promised Plaintiff for months that it would produce documents before the mediation so that the Plaintiff could reasonably prepare for a meaningful mediation. Vision failed to produce any of the critical documents reflecting the scope and distribution of the false marketing documents, and the parties were therefore unable to have any meaningful discussions while losing precious time for critical discovery. Plaintiff does not believe a further mediation would be useful or productive and that parties need to focus on discovery. Vision disagrees with Plaintiff's representations regarding the conduct of the mediation, except to the extent that the case did not settle.

If informal discussions do not lead to a resolution of this matter, Defendants propose to use Settlement Procedure No. 1 as set forth in Local Rule 16-15.4. Because Magistrate Judge Wistrich conducted the first mediation, Defendants believe that any further mediation should be conducted before him.

### D. Local Rule 26-1(d)

The parties request a jury trial and estimate approximately ten (10) to fifteen (15) Court days for trial of this matter.

Plaintiff urges the Court to keep the current schedule. Defendants believe that keeping the current schedule is unrealistic, particularly since there are motions to dismiss pending and several party and non-party witnesses reside out-of-state. Defendants therefore propose a pre-trial conference date of August 18, 2011, with a trial date of September 13, 2011.

### E. Local Rule 26-1(e)

All parties have been joined.

Vision believes that the jurisdictional motions filed by Mr. Hammond and Mr. Thomas should be decided, within 60 days, so that the parties may conduct discovery, prepare dispositive motions, and prepare for trial knowing the identity of the parties hereto.

Plaintiff intends to depose Hammond and Thomas once, for all purposes including jurisdictional facts the first week in October.

### F. Local Rule 26-1(f)

Plaintiff urges the Court to keep the current schedule in place. Defendants propose the following schedule for expert witness disclosures under Federal Rule of Civil Procedure 26(a)(2):

1. Initial reports to be personally served by no later than April 25, 2011;
2. Rebuttal reports to be personally served by no later than May 23, 2011; and
3. Completion of expert depositions by June 20, 2011.

## IV. SPECIFIC, PROPOSED DATES

As stated above, Plaintiff urges the Court to keep the current March 1, 2011 trial date.

The defendants propose the following cut-off dates:

a. Discovery (non-expert) cut-off: May 23, 2011
b. Expert Reports (opening): April 25, 2011
c. Expert Reports (rebuttal): May 23, 2011

     d.    Expert Discovery cut-off: June 20, 2011

     e.    Motions (last date to hear): July 21, 2011

     f.    Final Pretrial Conference: August 18, 2011

     g.    Trial date: September 13, 2011

MBV LAW

Dated: September 16, 2010    By: /s/ *Micah R. Jacobs*
    Micah R. Jacobs
    Attorneys for Plaintiff
    MAXIMUM AVAILABILITY LIMITED

SEYFARTH SHAW LLP

Dated: September 16, 2010    By: /s/ *Kenneth L. Wilton*
    Kenneth L. Wilton
    Attorneys for Defendants
    VISION SOLUTIONS, INC.,
    WILLIAM HAMMOND, EVA SUCCI and CHRIS THOMAS

MURCHISON & CUMMING LLP

COX SMITH MATTHEWS INC.

Dated: September 16, 2010    By: /s/ *Anastasia K. Mazzella*
    Anastasia K. Mazzella
    Attorneys for Defendant
    SIRIUS COMPUTER SOLUTIONS, INC.