UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAXIMUM AVAILABILITY LIMITED, a New Zealand limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>VISION SOLUTIONS, INC., a Delaware corporation, et al.<br><br>Defendants. | Case No. CV 10-1488 GW (RZx)<br><br>[PROPOSED]<br>**PROTECTIVE ORDER** |

## NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

Pursuant to the Parties' Renewed Stipulation for Entry of a Protective Order, and good cause appearing therefore, it is hereby ORDERED that all parties to this action and their counsel comply with the following protective order:

1.   <u>PURPOSES AND LIMITATIONS</u>

By virtue of the fact that Plaintiff Maximum Availability Limited and Defendant Vision Solutions, Inc. are competitors in the same industry, and because Sirius Computer Solutions, Inc. sells computer software, including certain Vision Solutions, Inc. products, is alleged to be a business partner and agent of Vision Solutions, Inc., and has a proprietary client base, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted.  Accordingly, the parties have stipulated to and petitioned the Court to enter the following Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 11.4, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

The parties' stipulation regarding this Protective Order cannot be construed as a waiver of any of their substantive or procedural rights in this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that are not generally publicly available and provide some value to the designating party by virtue of the fact the

information is not generally known, or that qualify for protection under Federal

Rule of Civil Procedure 26(c) and related case law.

2.3     Counsel (without qualifier):  Outside Counsel of Record (as well as their support staffs).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and

have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, data processing, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, reviewing or retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.13   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

4

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defense in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

1    If it comes to a Designating Party's attention that information or items that it

2  designated for protection do not qualify for protection at all or do not qualify for

3  the level of protection initially asserted, that Designating Party must promptly

4  notify all other parties that it is withdrawing the mistaken designation.

5    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

6  this Order (*see*, *e.g.*, second paragraph of Section 5.2(a), below), or as otherwise

7  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

8  under this Order must be clearly so designated before the material is disclosed or

9  produced.

10    Designation in conformity with this Order requires:

11    (a)    <u>for information in documentary form</u> (*e.g.*, paper or electronic

12  documents, but excluding transcripts of depositions or other pretrial or trial

13  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

15  contains protected material.  If only a portion or portions of the material on a page

16  qualifies for protection, the Producing Party also must clearly identify the

17  protected portion(s) (*e.g.*, by making appropriate markings in the margins) and

18  must specify, for each portion, the level of protection being asserted (either

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20  ONLY").

21    A Party or non-party that makes original documents or materials

22  available for inspection need not designate them for protection until after the

23  inspecting Party has indicated which material it would like copied and produced.

24  During the inspection and before the designation, all of the material made available

25  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

26  EYES ONLY." After the inspecting Party has identified the documents it wants

27  copied and produced, the Producing Party must determine which documents, or

28  portions thereof, qualify for protection under this Order.  Then, before producing

the specified documents, the Producing Party must affix the appropriate legend

("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY") to each page that contains Protected Material.  If only a portion or

portions of the material on a page qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (*e.g.*, by making appropriate

markings in the margins) and must specify, for each portion, the level of protection

being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY").

      (b)   <u>for information in a form rendering it impractical to affix a</u>
<u>label to each page</u> (including but not limited to electronically stored information

produced on electronic or magnetic media), the Producing Party may designate the

information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" by cover letter referring generally to such matter or

by affixing to such media a label containing the appropriate legend.  Whenever a

Receiving Party reduces electronically stored information designated as

"Confidential" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

to hard-copy form, the Receiving Party shall mark such hard-copy form with the

appropriate legend.  Whenever any Confidential Electronic Information or

Computerized Material is copied or converted into another form, the Receiving

Party shall also mark those forms with the same designation as the original from

which it was copied.

      (c)   <u>for testimony given in deposition or in other pretrial or trial</u>
<u>proceedings</u>, that the Designating Party identify on the record, before the close of

the deposition, hearing, or other proceeding, all protected testimony and specify

the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY").  When it is impractical to

identify separately each portion of testimony that is entitled to protection and it

appears that substantial portions of the testimony may qualify for protection, the

Designating Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 21 days following the preparation and delivery of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days following the preparation and delivery of the transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

1  ONLY" in its entirety unless otherwise agreed.  After the expiration of that period,

2  the transcript shall be treated only as actually designated.

3  (d)   for information produced in some form other than documentary

4  and for any other tangible items, that the Producing Party affix in a prominent

5  place on the exterior of the container or containers in which the information or

6  item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant

8  protection, the Producing Party, to the extent practicable, shall identify the

9  protected portion(s) and specify the level of protection being asserted (either

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY").

12  5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

13  failure to designate qualified information or items as "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing

15  alone, waive the Designating Party's right to secure protection under this Order for

16  such material.  Upon timely correction of a designation, the Receiving Party must

17  make reasonable efforts to assure that the material is treated in accordance with the

18  provisions of this Order.

19  5.4   Inadvertent Disclosure of Privileged Material.  If information subject

20  to a claim of attorney-client privilege, attorney work product or any other legal

21  privilege protecting information from discovery is inadvertently produced to a

22  party or parties, such production shall in no way prejudice or otherwise constitute a

23  waiver of, or estoppel as to, any claim of privilege, work product or other ground

24  for withholding production of the document and information to which the

25  Producing Party or other person otherwise would be entitled.

26  The party making the claim of inadvertent disclosure of privileged

27  material must notify the Receiving Party of the claim and the basis for it.  After

28  being notified of the inadvertent disclosure, the Receiving Party must immediately

take the following steps: (1) [sequester and] return the material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, (2) do not copy, use or disclose the information until the claim is resolved; (3) take reasonable steps to retrieve the information if the receiving party copied, used, or disclosed it before being notified of the inadvertent disclosure, (4) destroy all notes or other work product reflecting the contents of such material, and (5) delete such material from any litigation-support or other database.

The provisions of this Section 5.4 shall not be deemed to prevent any party from seeking an order compelling production of any document or information, including documents or information contained in documents that are returned as a result of a claim of inadvertent production.  If the Receiving Party challenges the privileged designation, it may promptly, and in no event later than thirty (30) days following service of the claim of inadvertent disclosure, present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the

Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party ~~shall~~ may file and serve a motion to retain confidentiality.  The procedures of L.R. 37 shall be followed in connection with any such motion. ~~under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration~~

11

1  ~~affirming that the movant has complied with the meet and confer requirements~~
2  ~~imposed by the preceding paragraph.~~

3        The burden of persuasion in any such challenge proceeding shall be on
4  the Designating Party. Frivolous challenges and those made for an improper
5  purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other
6  parties) may expose the Challenging Party to sanctions. ~~Unless the Designating~~
7  ~~Party has waived the confidentiality designation by failing to file a motion to retain~~
8  ~~confidentiality as described above,~~ all parties shall continue to afford the material
9  in question the level of protection to which it is entitled under the Producing
10  Party's designation until the court rules on the challenge.

11  7.  ACCESS TO AND USE OF PROTECTED MATERIAL

12      7.1  Basic Principles. A Receiving Party may use Protected Material that
13  is disclosed or produced by another Party or by a Non-Party in connection with this
14  case only for prosecuting, defending, or attempting to settle this litigation. Such
15  Protected Material may be disclosed only to the categories of persons and under
16  the conditions described in this Order. When the litigation has been terminated, a
17  Receiving Party must comply with the provisions of Section 12, below (FINAL
18  DISPOSITION).

19        Protected Material must be stored and maintained by a Receiving
20  Party at a location and in a secure manner that ensures that access is limited to the
21  persons authorized under this Order. To the extent that any Receiving Party,
22  vendor or counsel for the Receiving Party creates, develops, or otherwise
23  establishes on any electronic system information designated "CONFIDENTIAL"
24  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party and/or
25  its counsel must take all necessary steps to insure that access to such media is
26  properly restricted to those persons who, by the terms of this Order, may have
27  access to the information and will affix to any media containing such information a
28  label with the appropriate legends.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

13

1       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted

3  in writing by the Designating Party, a Receiving Party may disclose any

4  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

5  EYES ONLY" only to:

6       (a)    the Receiving Party's Outside Counsel of Record in this action,

7  as well as employees of said Counsel to whom it is reasonably necessary to

8  disclose the information for this litigation;

9       (b)    Experts of the Receiving Party (1) to whom disclosure is

10  reasonably necessary for this litigation, (2) who have signed the

11  "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom

12  the procedures set forth in Paragraph 7.4(a), below, have been followed;

13       (c)    the Court and its personnel;

14       (d)    court reporters and their staff, professional jury or trial

15  consultants, and Professional Vendors to whom disclosure is reasonably necessary

16  for this litigation and who have signed the "Acknowledgement and Agreement to

17  Be Bound" (Exhibit A); and

18       (e)    the author or recipient of a document containing the

19  information or a custodian or other person who otherwise possessed or knew the

20  information.

21       7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL

22  – ATTORNEYS' EYES ONLY" Information or Items to Experts.

23       (a)    Unless otherwise ordered by the court or agreed in writing by

24  the Designating Party, a Party that seeks to disclose to an Expert (as defined in this

25  Order) any information or item that has been designated "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 7.3(c)

27  first must make a written request to the Designating Party that (1) identifies the

28  general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and

15

1   setting forth the reasons advanced by the Designating Party for its refusal to

2   approve the disclosure.

3           In any such proceeding, the Party opposing disclosure to the Expert

4   shall bear the burden of proving that the risk of harm that the disclosure would

5   entail (under the safeguards proposed) outweighs the Receiving Party's need to

6   disclose the Protected Material to its Expert.

7   8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

8           IN OTHER LITIGATION

9           If a Party is served with a subpoena or a court order issued in other litigation

10  that compels disclosure of any information or items designated in this action as

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12  ONLY" that Party must:

13          (a)     promptly notify in writing the Designating Party.  Such

14  notification shall include a copy of the subpoena or court order.

15          (b)     promptly notify in writing the party who caused the subpoena

16  or order to issue in the other litigation that some or all the material covered by the

17  subpoena or order is the subject of this Protective Order.  Such notification shall

18  include a copy of this Protective Order; and

19          (c)     cooperate with respect to all reasonable procedures sought to be

20  pursued by the Designating Party whose Protected Material may be affected.

21          The purpose of imposing these duties is to alert the interested parties to the

22  existence of this Protective Order and to afford the Designating Party in this case

23  an opportunity to try to protect its confidentiality interests in the court from which

24  the subpoena or order issued.

25          If the Designating Party timely seeks a protective order, the Party served

26  with the subpoena or court order shall not produce any information designated in

27  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY" before a determination by the court from which the

16

1 subpoena or order issued, unless the Party has obtained the Designating Party's

2 permission.  The Designating Party shall bear the burden and the expense of

3 seeking protection in that court of its confidential material – and nothing in these

4 provisions should be construed as authorizing or encouraging a Receiving Party in

5 this action to disobey a lawful directive from another court.

6 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

7  PRODUCED IN THIS LITIGATION

8  (a) The terms of this Order are applicable to information produced

9 by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

10 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced

11 by Non-Parties in connection with this litigation is protected by the remedies and

12 relief provided by this Order. Nothing in these provisions should be construed as

13 prohibiting a Non-Party from seeking additional protections.

14  (b) In the event that a Party is required, by a valid discovery

15 request, to produce a Non-Party's confidential information in its possession, and

16 the Party is subject to an agreement with the Non-Party not to produce the Non-

17 Party's confidential information, then the Party shall:

18  1. promptly notify in writing the Requesting Party and the

19 Non-Party that some or all of the information requested is subject to a

20 confidentiality agreement with a Non-Party;

21  2. promptly provide the Non-Party with a copy of the

22 Protective Order in this litigation, the relevant discovery request(s), and a

23 reasonably specific description of the information requested; and

24  3. make the information requested available for inspection

25 by the Non-Party.

26  (c) If the Non-Party fails to object or seek a protective order from

27 this court within 14 days of receiving the notice and accompanying information,

28 the Receiving Party may produce the Non-Party's confidential information

responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     <u>MISCELLANEOUS</u>

11.1     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3     <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data

1   contained in such Protected Material, including the release of such technical data to

2   foreign persons or nationals in the United States or elsewhere.  The Producing

3   Party shall be responsible for identifying any such controlled technical data, and

4   the Receiving Party shall take measures necessary to ensure compliance.

5          11.4   Filing Protected Material.  Without written permission from the

6   Designating Party or a court order secured after appropriate notice to all interested

7   persons, a Party may not file in the public record in this action any Protected

8   Material.  A Party that seeks to file under seal any Protected Material must comply

9   with Civil Local Rule 79-5.  Protected Material may only be filed under seal

10  pursuant to a court order authorizing the sealing of the specific Protected Material

11  at issue.

12  12.   FINAL DISPOSITION

13         Within 60 days after the final disposition of this action, as defined in

14  Paragraph 4, each Receiving Party must return all Protected Material to the

15  Producing Party or destroy such material.  As used in this subdivision, "all

16  Protected Material" includes all copies, abstracts, compilations, summaries or any

17  other format reproducing or capturing any of the Protected Material.  Whether the

18  Protected Material is returned or destroyed, the Receiving Party must submit a

19  written certification to the Producing Party (and, if not the same person or entity, to

20  the Designating Party) by the 60-day deadline that (1) identifies (by category,

21  where appropriate) all the Protected Material that was returned or destroyed and

22  (2) affirms that the Receiving Party has not retained any copies, abstracts,

23  compilations, summaries or any other format reproducing or capturing any of the

24  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

25  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

26  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

27  reports, attorney work product, and consultant and expert work product, even if

28  such materials contain Protected Material.  Any such archival copies that contain

1  / / /

2  / / /

3  or constitute Protected Material remain subject to this Protective Order as set forth

4  in Section 4 (DURATION).

5

6

7

8  **IT IS SO ORDERED,** except that this Order shall not govern the use of protected material either at trial or in connection with dispositive

9  motions.  If protection is desired for any material used in those proceedings, protection shall be sought separately from the judicial

10 officer who will preside over those proceedings**.**  *See Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003);

11 *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

12

13 Dated:  January 27, 2011

14 _____
   The Honorable Ralph Zarefsky

15 United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order ("Order") that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *Maximum Availability Limited v. Vision*

*Solutions, Inc., et al.*, Case No. CV 10-1488 GW (RZx).  I agree to comply with

and be bound by all the terms of this Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
[printed name]

Signature:_____
[signature]

21